## Case No. 1,169.

### BEAN v. BROOKMIRE et al.

[1 Dill. 151;[1] 3 Chi. Leg. News, 378; 1 Leg. Op. 178; 5 West. Jur. 505.]

Circuit Court, D. Missouri. April Term, 1871.

BANKRUPTCY—RIGHTS WHICH PASS TO ASSIGNEE—JURISDICTION IN EQUITY, ETC.

1. The assignee in bankruptcy may recover money fraudulently paid by the bankrupt to the defendants in order to obtain their signature to a composition agreement.

[Cited in Bean v. Brookmire, Case No. 1,067.]

2. Equity will entertain such a bill by the assignee, although he might have maintained an action at law.

[Cited in Bean v. Brookmire, Case No. 1,170. Cited generally in Brookmire v. Bean, Id. 1,942.]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

In equity. After the decision of this court in the cause reported above, [Case No. 1,168,] the assignee [William C. Bean] brought the present bill, in the district court for the eastern district of Missouri, to recover money alleged to have been fraudulently paid by the bankrupt to the defendants, [Brookmire and others.] The district court sustained the demurrer to the bill on the ground that no recovery could be had in equity, and that the remedy was exclusively at law, [unreported.] The assignee appeals. [Reversed. A decree was afterwards rendered for the assignee, and affirmed by this court. Bean v. Brookmire, Case No. 1,170.]

The necessary facts appear in the opinion of the court.

Edmund T. Allen, for assignee.
Stewart & Slayback, for respondents.

Before DILLON. Circuit Judge, and KREKEL, District Judge.

KREKEL, District Judge. This is a bill by the assignee of the bankrupt to recover of defendants fourteen hundred and thirty-six dollars, alleged to have been fraudulently paid by Kintzing, the bankrupt, to Brookmire & Rankin, the defendants, in order to obtain their consent and signature to a composition deed entered into by the creditors of Kintzing & Co., prior to the adjudication in bankruptcy against the said Charles S. Kintzing.

The defendants filed their demurrer, and for cause assign that complainant has no interest in the subject-matter of the bill, and want of equity.

The court below sustained the demurrer, on the ground that full and complete remedy exists at law, and that the action does not lie in equity.

The bill alleges that Charles S. Kintzing and Malcolm A. Lindsley were merchants doing business under the name and style of Charles S. Kintzing & Co.; and becoming insolvent, on the 15th day of February, 1859, applied to their creditors. among them defendants Brookmire and Rankin, for a compromise, and on the same day entered into a composition agreement with them, agreeing on their part to pay seventy cents on the dollar, in six, twelve, and eighteen months; that one of the conditions of said compromise was that the same should not be binding unless signed by all the creditors; that afterwards, on the 27th day of February, 1869, the said partnership of Charles S. Kintzing & Co. was dissolved by the withdrawal of Lindsley, who at the time was largely indebted to the firm. The bill charges that the consent and signature of said Brookmire & Rankin were obtained by Charles S. Kintzing, the bankrupt, conniving with the said Brookmire & Rankin to deceive and defraud the creditors of said Kintzing & Co., who had bona fide entered into this compromise; and that said bankrupt fraudulently paid, and the said

Brookmire & Rankin, well knowing the deception and fraud to be practiced, and participating therein, received the sum of fourteen hundred and . thirty-six dollars, now sought to be recovered.

In support of the first ground of demurrer, that the complainant has no interest in the subject-matter of the bill, it is argued that no provision of the bankrupt law, either directly or by implication, passes any title or interest in the subject-matter of this suit to the assignee, and the 14th and 35th sections of the act [of 1867, (14 Stat. 522, 534,)] are commented on by counsel. The former section, among other provisions has the following:—

"That the register shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt; * * * and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in the assignee. * * * all rights in equity, choses in action. * * * And all his rights of action for property or estate, real or personal, shall in virtue of the adjudication in bankruptcy and the appointment of his assignee, be at once vested in such assignee."

The terms used in the foregoing extracts have a definite signification, and embrace all rights and estate a man may own or possess, without limitation or qualification, and seem to have been used on account of their well ascertained meaning, both in law and in common acceptation. The provisions cited, thus defined, are by the court deemed sufficient to vest in the assignee whatever of interest the bankrupt had in the premises.

It is next said that the bankrupt had no interest which could pass to his assignee; that the payment made to Brookmire & Rankin by the bankrupt was that of a just debt, which they had a right to receive. It is true that if such a payment had been made and received bona fide, and not attacked under the four months clause of the 35th section, no recovery could have been had, as was decided in this court by Justice Miller, in a case against these defendants at a former term. [Bean v. Brookmire, Case No. 1,168.] Can a payment made and accepted for the purpose, and with the intent to deceive and defraud unsuspecting creditors, as charged in the bill, be said to be made bona fide? Numerous authorities might be cited establishing that a compromise entered into under such circumstances avoids the composition deed, and that the creditors are not bound thereby; nor are authorities wanting to show that the law will not allow the enforcement of any obligations given to secure a preference. O'Shea v. Collier White Lead & Oil Co., 42 Mo. 397.

It is true the courts were slow in coming to the conclusion to interfere between the parties to the fraud, even when invoked to do so. They commenced, however, by permitting inquiry into usurious transactions, and upon close examination did not fail to see that the relations in which the lender and borrower stood to each other differed. The case of Darby v. Boatman's Sav. Inst., decided at this term, recognizes this distinction. [Case No. 3,571.]

The reasons on which this class of cases proceeds are of easy application in the cause now before the court. The bankrupt was seeking to compromise with his creditors, all of whom were to join, in order to bind them.' Brookmire & Rankin refused unless they could obtain a preference, and having obtained it, pretended to come into the composition with other creditors on equal terms, when they had, in fact, by their preference, abstracted a share of the property to which the honest, confiding creditors, looked for the ultimate satisfaction of their claims. Under such circumstances the courts have finally held it to be the better policy to allow the debtor, though a participant in the fraud, to recover the amount paid. Atkinson v. Denby, 6 Hurl. & N. 778, 7 Hurl. & N. 934; Mare v. Sandford, 1 Giff. 295.

Such a recovery does not, however, interfere with the right of the creditors to seek satisfaction from those who have deceived and defrauded them.

A more serious question arises, and one about which the courts have differed, whether a recovery can be had in equity in a case such as is before us, the complainant having, as held by the court below, a complete remedy at law. Courts of chancery seem originally to have had exclusive jurisdiction of fraud, oppression. and deceit, but in time law courts also took cognizance thereof. While it may be admitted that the complainant might maintain an action at law, it does not therefore follow that this court, as a court of equity, is ousted of its jurisdiction. 1 Story, Eq. Jur. (10th Ed.) § 64i; Darby v. Boatman's Sav. Inst. supra, and authorities cited. The jurisdiction of law and equity in cases of fraud of this character is concurrent, at all events it exists in equity. The acts charged are oppressive and wrongful as against the debtor, and operate as a fraud upon the other creditors, and upon the bankrupt act.

The case being before us on the equity side of the court, and having, under the views entertained, power to grant the relief sought, we will reverse the order of the court below, and remand the case for further proceedings therein.

Reversed.

[NOTE. For other cases involving this bankruptcy, see Bean v. Amsinck, Case No. 1,167; Bean v. Brookmire. Id. 1,168; Id. 1,170; Bean v. Laflin. Id. 1,172; Brookmire v. Bean, Id. 1,942; Kinsing's Assignee v. Bartholew, Id. 7,831; In re Kintzing, Id. 7,833.]